IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| CHRISTOPHER WAGNER, | Cause No. CV 13-80-GF-DWM-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On September 17, 2013, Petitioner Christopher Wagner moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Wagner is a state prisoner proceeding pro se.

Mr. Wagner's inmate trust account statement shows that he can afford to pay the $5.00 filing fee for this action. Account Statement (doc. 2-1) at 2-5. His motion to proceed in forma pauperis should be denied.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the petition should be dismissed. A habeas petitioner must allege that he is "in custody in violation of the

1

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Wagner is in custody because he was convicted of attempted deliberate homicide in Gallatin County. Pet. (doc. 1) at 2-3 ¶¶ 3-4. But his claim for relief under § 2254(a) alleges that federal law confers a right to appointed counsel in collateral proceedings. Pet. (doc. 1) at 4 ¶ 15A, 8 ¶ 18. First, it does not. *See Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1319-20 (2012); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1985). Second, however, a petitioner "must show that his custody in itself, or its conditions, offends federal law." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). Mr. Wagner's claim is not directed at the lawfulness of his current custody. Even if counsel were to be appointed to represent Mr. Wagner in state postconviction proceedings, that fact would not mean his custody is lawful or unlawful. This Court lacks jurisdiction over the petition under 28 U.S.C. § 2254(a).

A certificate of appealability is not warranted because Mr. Wagner's claim does not allege any violation of federal law, much less make a substantial showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Wagner's motion to proceed in forma pauperis (doc. 2) should be

DENIED.

    2.  The petition (doc. 1) should be DISMISSED for lack of jurisdiction.

    3.  A certificate of appealability should be DENIED.

    4.  The Clerk of Court should be ordered to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Wagner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Wagner files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Wagner from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely

file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wagner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 15th day of October, 2013.

       /s/   Keith Strong
Keith Strong
United States Magistrate Judge